**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

In re:

MAGICSOFT GROUP INC.,

Alleged Debtor.

Chapter 7 (Involuntary)

Case No. 25-35888 (KYP)

-------------------------------------------------------------x

ARON BERLIN, *et al.*,

Plaintiffs,

-against-

JENNIFER SAFKEN, *et al.*,

Defendants.

Adv. Pro. No. 25-09019 (KYP)

-------------------------------------------------------------x

**MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART AHUVA GAMLIEL'S MOTION TO IMPOSE SANCTIONS UNDER FEDERAL BANKRUPTCY RULE 9011**

**APPEARANCES:**

AHRON BERLIN
*Pro Se Plaintiff*
1909 New York Avenue
Brooklyn, NY 11210

- and -

4118 14th Avenue
Brooklyn, NY 11219

GABRIEL BAR SHANY
*Pro Se Plaintiff*
323 Sunny Isles Blvd.
Sunny Isles Beach, FL 33160

SHANI BAR
*Pro Se Plaintiff*
323 Sunny Isles Blvd.
Sunny Isles Beach, FL 33160

BELLA COHEN
*Pro Se Plaintiff*
323 Sunny Isles Blvd.
Sunny Isles Beach, FL 33160

EGGNATZ PASCUCCI, P.A.
*Counsel for Defendant Ahuva Gamliel*
7450 Griffin Rd., Suite 230
Davie, FL 33314
By: Joshua H. Eggnatz, Esq.
Of Counsel

**HONORABLE KYU YOUNG PAEK**
**UNITED STATES BANKRUPTCY JUDGE**

## INTRODUCTION

Before the Court is a motion ("Motion")[1] by Defendant Ahuva Gamliel ("Gamliel") to impose sanctions under Federal Bankruptcy Rule 9011 against Plaintiffs (i) Gabriel Bar Shany ("Gabe Bar"), (ii) Shani Bar, (iii) Bella Cohen ("Cohen," and collectively with Gabe Bar and Shani Bar, the "MagicSoft Associates"), and (iv) Ahron Berlin, a/k/a "Aron" Berlin, a/k/a "Aharon" Berlin, a/k/a "Aaron" Berlin, a/k/a "Ahraon" Berlin ("Berlin"). The MagicSoft Associates filed an opposition to the Motion ("MagicSoft

[1] *See Memorandum in Support of Adversary Defendant Ahuva Gamliel's Motion for Sanctions Pursuant to Rule 9011*, dated Feb. 13, 2026 (ECF MagicSoft Adversary Proceeding Doc. # 34-1). "ECF MagicSoft Adversary Proceeding Doc. # _" refers to documents filed on the electronic docket of the MagicSoft Adversary Proceeding. "ECF MagicSoft Case Doc. # _" refers to documents filed on the electronic docket of the MagicSoft Case. References to documents filed on other dockets will include the case name or number.

Associates Objection"),[2] and Berlin made a submission claiming that he was not the person who participated in these matters ("Berlin Submission").[3]

For the reasons stated, the Motion is GRANTED IN PART AND DENIED IN PART.

**JURISDICTION**

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* (M-431), dated January 31, 2012 (Preska, C.J.) referring bankruptcy cases and proceedings to the Bankruptcy Judges of the Southern District of New York. A motion for sanctions under Bankruptcy Rule 9011 is a core proceeding under 28 U.S.C. § 157(b)(2). *In re Chapman*, 616 B.R. 523, 525 (Bankr. E.D. Wis. 2020); *see also In re Pearson*, Case No. 19-27718 (RKM), 2023 WL 1824206, at *1 (Bankr. D. Utah Feb. 8, 2023).

The Court may impose Bankruptcy Rule 9011 sanctions even after a plaintiff has filed a notice of voluntary dismissal under Federal Civil Rule 41(a)(1). *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-98 (1990) ("[D]istrict courts may enforce Rule 11 even after the plaintiff has filed a notice of dismissal under Rule 41(a)(1)."). Here, the MagicSoft Associates filed a notice of voluntary dismissal on February 9, 2026. (ECF MagicSoft Adversary Proceeding Doc. # 24.) Two days later, the Court entered the *Order Regarding Notice of Voluntary Dismissal* (ECF MagicSoft Adversary Proceeding Doc. # 31) stating, among other things, that it would retain jurisdiction to decide any

---

[2] *See Plaintiffs' Memorandum of Law in Opposition to Defendant Ahuva Gamliel's Motion for Sanctions Pursuant to Bankruptcy Rule 9011*, docketed on Apr. 14, 2026 (ECF MagicSoft Adversary Proceeding Doc. # 55).

[3] *See Corrected Motion to Correct the Record, for Protective Relief, and Declaration of Ahron Berlin*, dated Mar. 16, 2026 (ECF MagicSoft Adversary Proceeding Doc. # 44).

Defendant's motion seeking to impose sanctions against Berlin or the MagicSoft Associates for a period of sixty days. Gamliel filed the Motion within the sixty-day timeframe, and the Court has jurisdiction to decide the Motion.

**BACKGROUND**

The Court does not write on a blank slate. On August 31, 2026, the Court issued its *Memorandum Decision Dismissing Bad Faith Involuntary Bankruptcy Cases and Enjoining Petitioning Creditors Israel Farkash and Ahron Berlin From Filing Another Involuntary Bankruptcy Petition for Five Years* ("Dismissal Decision") (ECF MagicSoft Case Doc. # 27).[4] The Court assumes familiarity with the Dismissal Decision, and its contents are incorporated herein by reference. As relevant to the instant Motion, the Court held in the Dismissal Decision that:

- Berlin filed the involuntary bankruptcy petition ("MagicSoft Case")[5] against MagicSoft Group Inc. ("MagicSoft") in bad faith (Dismissal Decision at 29-30);
- Berlin's filing of the MagicSoft Case was a continuation of a pattern of bad faith, in which he filed numerous involuntary petitions with no intent to prosecute those petitions, and instead, used tactics to delay administration of the cases (*id.* at 12-22);
- Berlin filed the MagicSoft Case to impede an action brought by Gamliel in Florida state court ("Gamliel Action"),[6] in which Gamliel alleges that the MagicSoft Associates operated a real estate investment company and fraudulently obtained and retained an $85,000.00 investment from Gamliel (*id.* at 25-27);

---

4 A copy of the Dismissal Decision is available on the Westlaw database as *In re Laurels of Fallsburg LLC*, --- B.R. ---, 2026 WL 2566214 (Bankr. S.D.N.Y. Aug. 31, 2026).

5 *In re MagicSoft Group Inc.*, Case No. 25-35888 (KYP).

6 *See Ahuva Gamliel v. MagicSoft Group, Inc., et al.*, Local Case No. 2025-004959-CA-01 (Circuit Court of the Eleventh Judicial Circuit, Miami Dade County, Florida).

- Berlin and the MagicSoft Associates filed an adversary proceeding against Gamliel, Gamliel's attorneys, and others ("MagicSoft Adversary Proceeding")[7] to impede the continuation of the Gamliel Action against the MagicSoft Associates (*id.* at 28-29); and

- Berlin's assertions in the Berlin Submission that he did not participate in these cases were meritless (*id.* at 35-36).

The Court ultimately ruled as follows:

> Berlin went far beyond acting as a "friendly" petitioning creditor in the MagicSoft Case. He used a pointless involuntary filing, and a bogus adversary proceeding, to actively prevent creditors from asserting their rights against the putative debtor as well as three individuals associated with the putative debtor. The MagicSoft Case must be dismissed because of Berlin's flagrant bad faith.

(Dismissal Decision at 29-30.) These rulings are law of the case. *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) ("The law of the case doctrine commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise.") (citation and internal quotation marks omitted), *cert. denied*, 560 U.S. 919 (2010).

## DISCUSSION

### A. Applicable Legal Standards

Rule 9011 of the Federal Rules of Bankruptcy Procedure provides in pertinent part:

> **(b) Representations to the Court**. By presenting to the court a petition, pleading, written motion, or other document--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that, to the best of the person's knowledge,

---

7 *Berlin, et al. v. Safken, et al.*, Adv. P. No. 25-09019 (KYP).

> information, and belief formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law;
> >
> > (3) the allegations and factual contentions have evidentiary support--or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence--or if specifically so identified, are reasonably based on a lack of information or belief.

FED. R. BANKR. P. 9011(b). By its provisions, Bankruptcy Rule 9011 places "an affirmative duty on attorneys and litigants to make a reasonable investigation (under the circumstances) of the facts and the law before signing and submitting any petition, pleading, motion or other paper." *In re Obasi*, No. 10-10494, 2011 WL 6336153, at *4 (Bankr. S.D.N.Y. Dec. 19, 2011) (citation omitted). This rule applies to attorneys as well as *pro se* litigants. *Elmasri v. Rupp* (*In re Elmasri*), Adv. P. No. 8-09-08418-478 (DTE), 2010 WL 1544420, at * 4 (Bankr. E.D.N.Y. Apr. 19, 2010), *aff'd* No. 10-CV-2761 (JS), 2011 WL 477726 (E.D.N.Y. Feb. 2, 2011).

"Contrary to what seems to be the literal reading of the rule, it is well established that the rule is violated either when the pleading is frivolous *or* when it is interposed for an improper purpose." *In re Mergenthaler*, 144 B.R. 632, 635 (Bankr. E.D.N.Y. 1992) (citing supporting authorities) (emphasis in original). "Awarding sanctions pursuant to the 'improper purpose' prong of Bankruptcy Rule 9011(b)(1) requires a finding of

'subjective bad faith.'" *In re D&G Constr. Dean Gonzalez, LLC*, 635 B.R. 232, 241 (Bankr. E.D.N.Y. 2021) (quoting *Desiderio v. Parikh* (*In re Parikh*), 508 B.R. 572, 584 (Bankr E.D.N.Y. 2014)).

Sanctions under Bankruptcy Rule 9011 are subject to the safe harbor provisions set forth in subsection (c)(2) of the Rule. Under the safe harbor, a motion for Rule 9011 sanctions must be made separately from any other motion and must be served upon the party against whom sanctions are sought 21 days prior to filing the motion with the court to provide such party with the opportunity to withdraw or correct the challenged document. *See* FED. R. BANKR. P. 9011(c)(2)(A)-(B). The safe harbor provisions "are intended to reduce the number of motions for sanctions and to provide opportunities for parties to avoid sanctions altogether." *Perpetual Secs., Inc. v. Tang*, 290 F.3d 132, 141 (2d Cir. 2002). Rule 9011(c) is "a strict procedural requirement and the failure of the party requesting sanctions to serve a copy of the sanctions motion on the opposing party at least twenty-one days prior to filing the motion with the court will, in and of itself, preclude the imposition of sanctions under Bankruptcy Rule 9011." *In re Zucaro*, 615 B.R. 150, 157-58 (Bankr. E.D.N.Y. 2020) (quoting *Glassman v. Feldman* (*In re Feldman*), 606 B.R. 189, 198 (Bankr E.D.N.Y. 2019)).

However, the moving party is exempt from the requirement to serve the sanctions motion in advance of filing it if the challenged document is a "petition." FED. R. BANKR. P. 9011(c)(2)(B) ("This limitation does not apply if the conduct alleged is filing a petition in violation of (b)."). This exception exists because "[t]he filing of a petition has immediate serious consequences, including the imposition of the automatic stay under § 362 of the Code, which may not be avoided by the subsequent withdrawal of the

petition." *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 100 (3d Cir. 2008) (quoting FED. R. BANKR. P. 9011 advisory committee notes to 1997 amendments).

If the Court determines that Bankruptcy Rule 9011(b) has been violated, it may impose sanctions on the offending party or attorney. FED. R. BANKR. P. 9011(c)(1). The sanction "must be limited to what suffices to deter repetition of the conduct or deter comparable conduct by others similarly situated." FED. R. BANKR. P. 9011(c)(4). The sanction may include:

> (i) a nonmonetary directive;
> (ii) an order to pay a penalty into court; or
> (iii) if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of all or part of the reasonable attorney's fees and other expenses directly resulting from the violation.

FED. R. BANKR. P. 9011(c)(4)(A). Further, if the request for sanctions is made by a motion, the Court "may award to the prevailing party the reasonable expenses and attorney's fees incurred in presenting or opposing the motion." FED. R. BANKR. P. 9011(c)(2)(C). In deciding appropriate sanctions, courts may consider

- whether the improper conduct was willful or negligent,
- whether it was part of a pattern of activity or an isolated event,
- whether it infected the entire pleading or only one particular count or defense,
- whether the violator engaged in similar conduct in other litigation,
- whether it was intended to injure,
- the effect that the improper conduct had on the judicial process in time and expense, and
- whether the responsible person is trained in the law.

*In re Reyes*, Case No. 14-13233 (SMB), 2015 WL 4624156, at *7 (Bankr. S.D.N.Y. Aug. 4, 2015) (citing FED. R. CIV. P. 11 advisory committee's note to 1993 amendments).

## B. Analysis

### 1. Gamliel's Safe Harbor Letter

Gamliel's attorney sent a letter to Berlin and the MagicSoft Associates on October 16, 2025 to satisfy Bankruptcy Rule 9011's safe harbor provisions ("Safe Harbor Letter").[8] Among other things, the Safe Harbor Letter stated that the following documents were "frivolous, vexatious, and not supported by law or fact":

- involuntary bankruptcy petition;
- bankruptcy related filings made in the Gamliel Action; and
- a complaint filed in a wholly unprosecuted civil RICO action commenced by Berlin and the MagicSoft Associates in the United States District Court for the Southern District of New York against Gamliel and others.[9]

(Safe Harbor Letter at 3.) Gamliel's attorney encouraged Berlin and the MagicSoft Associates to withdraw their filings and return Gamliel's investment. (*Id.*)

Gamliel's request as to the latter two categories of filings is defective for two reasons. First, the Safe Harbor Letter did not attach a copy of the Motion. As set forth in the precedent cited above, the failure to provide a copy of the sanctions motion precludes the imposition of sanctions under Bankruptcy Rule 9011. Second, the filings described in the latter two categories were made in other cases and in other courts. *Barr Labs., Inc. v. Abbott Labs.,* 867 F.2d 743, 748 (2d Cir. 1989) ("[A]pplications for Rule 11 sanctions must be made in the court where the offending papers are filed, since

---

8 A copy of the Safe Harbor Letter is attached to the Motion.

9 Berlin and the MagicSoft Associates failed to even pay the filing fee for this action, and it was dismissed on October 31, 2025. (Dismissal Decision at 28 n.26.)

the abusive conduct is determined as of the time of filing."), *overruled on other grounds by Cooter & Gell,* 496 U.S. at 396.

The involuntary bankruptcy petition is not affected by these deficiencies. As set forth above, "petitions" are exempt from the provision of the safe harbor requiring pre-filing service of the sanctions motion, and the involuntary bankruptcy petition was filed in this Court. The Court addresses whether Bankruptcy Rule 9011 sanctions should be imposed against Berlin and the MagicSoft Associates in the sections that follow.

**2. Sanctions Against Berlin are Appropriate**

This Court's findings in the Dismissal Decision establish that Berlin filed the involuntary bankruptcy petition for an "improper purpose" within the meaning of Bankruptcy Rule 9011(b)(1). Berlin did not file the involuntary petition for any legitimate bankruptcy purpose. Instead, he commenced the MagicSoft Case, and the related MagicSoft Adversary Proceeding, with the goal of impeding lawsuits in Florida pending against MagicSoft and the MagicSoft Associates, including the Gamliel Action. (*See* Dismissal Decision at 25-30.) In fact, when Gamliel's attorney told Berlin that the entity identified in the initial involuntary petition was a different entity than the defendant in the Gamliel Action, Berlin promptly amended the involuntary petition to change the name of the putative debtor. (*Id.* at 26-27.) As explained in the Dismissal Decision, every action Berlin took was in furtherance of impeding the Florida lawsuits. In contrast, he took no actions to progress the MagicSoft Case and actively tried to delay administration of the case in order to keep the automatic stay in place.

The Court concludes that sanctions against Berlin are appropriate. Specifically, the Court will award Gamliel reasonable expenses and attorney's fees incurred (i) in prosecuting the instant Motion under Bankruptcy Rule 9011(c)(2)(C), and (ii) directly

resulting from Berlin's filing the involuntary petition, and the amended involuntary petition, in the MagicSoft Case under Bankruptcy Rule 9011(c)(4)(A)(iii). Such sanctions are necessary to effectively deter Berlin, who is a serial filer of meritless involuntary bankruptcy petitions and has engaged in a pattern of conduct constituting an abuse of the bankruptcy system. (*See* Dismissal Decision at 3-22.) Berlin's conduct was intended to impede the Gamliel Action and resulted in Gamliel having to incur needless expense to respond to the meritless MagicSoft Case and MagicSoft Adversary Proceeding in this Court as well as in Florida state court. Berlin's actions have also imposed a tremendous burden on the Court. (*See id.* at 33.) Although Berlin is technically *pro se*, he has extensive experience in litigation. (*See id.* at 33-34.) Under the circumstances, the Court finds that the imposition of monetary sanctions payable to Gamliel is justified to compensate Gamliel for the legal fees and expenses she has incurred because of Berlin's conduct and is warranted to effectively deter Berlin from engaging in similar behavior in the future.

**3. The MagicSoft Associates Did Not File the Involuntary Petition**

The MagicSoft Associates have also seemingly engaged in conduct that violates Bankruptcy Rule 9011(b)(1). They, along with Berlin, commenced the MagicSoft Adversary Proceeding for the purpose of impeding actions in Florida wherein plaintiffs, including Gamliel, have asserted that they were scammed out of their investments into a purported real estate investment company. Despite filing a lengthy complaint to commence the MagicSoft Adversary Proceeding, the MagicSoft Associates failed to even serve the complaint on any Defendant. (*See, e.g.*, ECF MagicSoft Adversary Proceeding Doc. # 29 (order granting Gamliel's motion to dismiss for insufficient service of process).) Three months after commencing the MagicSoft Adversary Proceeding, the

MagicSoft Associates voluntarily dismissed it. (ECF MagicSoft Adversary Proceeding Doc. # 24.)

In stark contrast to their utter inaction in the MagicSoft Adversary Proceeding, a review of the docket of the Gamliel Action shows that the MagicSoft Associates relied heavily on the existence of the MagicSoft Case and MagicSoft Adversary Proceeding in numerous court filings to stop the Gamliel Action even after the Florida state court ruled that the automatic stay did not apply to the MagicSoft Associates. The MagicSoft Associates even relied on the existence of the MagicSoft Case and MagicSoft Adversary Proceeding as a basis to remove the Gamliel Action to federal district court. This contrast strongly suggests that the MagicSoft Associates commenced the MagicSoft Adversary Proceeding not to prosecute the claims in their complaint, but rather to impede the cases pending against them in Florida.

Ultimately, however, the Motion must fail against the MagicSoft Associates. Bankruptcy Rule 9011 applies, by its terms, to documents "present[ed] to the court" by an attorney or litigant. FED. R. BANKR. P. 9011(b). As the Court explained *supra*, the Motion is limited to the presentation of the involuntary bankruptcy petition and the amended involuntary bankruptcy petition. The petitions were presented to this Court by Berlin, not the MagicSoft Associates. Therefore, the Court may not issue Bankruptcy Rule 9011 sanctions against the MagicSoft Associates.

[*remainder of page intentionally blank*]

## CONCLUSION AND ORDER

For the reasons stated,[10] the Court **FINDS** that Berlin has violated Federal Bankruptcy Rule 9011(b) by filing the involuntary bankruptcy petition, and the amended involuntary bankruptcy petition, for an improper purpose.

**NOW, THEREFORE, IT IS**

**ORDERED** that the Motion is **GRANTED** to the extent set forth herein; and it is further

**ORDERED** that, pursuant to Federal Bankruptcy Rule 9011(c)(2)(C), Berlin shall reimburse Gamliel the reasonable expenses and attorney's fees she incurred in prosecuting the instant Motion; and it is further

**ORDERED** that, pursuant to Federal Bankruptcy Rule 9011(c)(4)(A)(iii), Berlin shall reimburse Gamliel the reasonable expenses and attorney's fees she incurred as a direct result of Berlin's violations of Federal Bankruptcy Rule 9011(b); and it is further

**ORDERED** that counsel to Gamliel shall file a certification ("Certification") in the MagicSoft Adversary Proceeding within 14 days of entry of this Memorandum Decision and Order setting forth the reasonable expenses and attorney's fees Gamliel incurred relating to the above-ordered paragraphs; and it is further

**ORDERED** that the Certification shall include sufficient detail and append supporting documentation to show that the attorney's fees and expenses (i) are reasonable, and (ii) should be included in an award under Federal Bankruptcy Rule 9011(c)(2)(C) and (c)(4)(A)(iii); and it is further

---

[10] Arguments made by the parties but not specifically addressed herein have been considered by the Court and are rejected or have been rendered moot by the Court's ruling.

**ORDERED** that the Certification shall append a proposed judgment awarding Gamliel attorney's fees and expenses; and it is further

**ORDERED** that the Court will schedule a hearing with respect to the Certification if it deems it necessary; and it is further

**ORDERED** that the Clerk's Office shall mail a copy of this Memorandum Decision and Order to Berlin at 4118 14th Avenue, Brooklyn, NY 11219, and 1909 New York Avenue, Brooklyn, NY 11210; and it is further

**ORDERED** that the Clerk's Office shall mail a copy of this Memorandum Decision and Order to Gabe Bar at 323 Sunny Isles Blvd., Sunny Isles Beach, FL 33160; and it is further

**ORDERED** that the Clerk's Office shall mail a copy of this Memorandum Decision and Order to Shani Bar at 323 Sunny Isles Blvd., Sunny Isles Beach, FL 33160; and it is further

**ORDERED** that the Clerk's Office shall mail a copy of this Memorandum Decision and Order to Cohen at 323 Sunny Isles Blvd., Sunny Isles Beach, FL 33160; and it is further

**ORDERED** that this Memorandum Decision and Order satisfies Federal Bankruptcy Rule 9011(c)(5); and it is further

**ORDERED** that this Court shall retain jurisdiction to interpret, implement, and enforce this Memorandum Decision and Order.

**Dated: September 8, 2026**
**Poughkeepsie, New York**

**/s/ Kyu Y. Paek**

**Hon. Kyu Y. Paek**
**U.S. Bankruptcy Judge**